# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN L. WILLIAMS,
Appellant,
vs.
ROBERT LEGRAND, WARDEN OF LCC,
Respondent.

No. 71867

FILED

JUN 15 2017

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eleventh Judicial District Court, Pershing County; Jim C. Shirley, Judge.

Relying on *Roper v. Simmons*, 543 U.S. 551 (2005), and *Graham v. Florida*, 560 U.S. 48 (2010), appellant John Williams argues that the district court erred in rejecting his constitutional challenge to NRS 213.1215(2), which provides for mandatory parole for prisoners who were sentenced to life in prison with the possibility of parole for offenses committed when they were under the age of 16 years, subject to exceptions set forth therein and in NRS 213.1215(3) and (7). His challenge is premised on the idea that NRS 213.1215(2) violates the equal protection rights of juvenile offenders by distinguishing between prisoners who were under 16 years of age at the time of their offense, who may be eligible for mandatory parole, and other prisoners who were between 16 and 18 years of age at the time of their offense, who are not eligible for mandatory parole but instead are considered for discretionary parole.

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-19936

*Roper, Graham,* and the more recent decisions in *Miller v. Alabama,* 567 U.S. 460, 132 S. Ct. 2455 (2012), and *Montgomery v. Louisiana,* 577 U.S. ___, 136 S. Ct. 718 (2016), discuss the characteristics of juveniles under the age of 18 years, recognizing the general proposition that "children are constitutionally different from adults for purposes of sentencing" and therefore that the Eighth Amendment prohibits certain sentences for an offender who was under the age of 18 years when he or she committed an offense. *Montgomery,* 577 U.S. at ___, 136 S. Ct. at 732-33 (discussing *Roper, Graham,* and *Miller* and quoting *Miller,* 132 S. Ct. at 2464). Together, those cases require that the "vast majority" of juvenile offenders receive a sentence that allows for a meaningful possibility of parole.[2] *Id.* at 734. They do not, however, require that a juvenile be released on parole. *See, e.g., Graham,* 560 U.S. at 82 ("A State need not guarantee the offender eventual release . . . ."). Those cases also do not recognize juvenile offenders as a suspect class that must be treated the same when deciding whether to release them on parole. Accordingly, Williams' reliance on *Roper* and *Graham* is misplaced.

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432, 439 (1985). When a statute

---

[2]Williams received a sentence that allows him the meaningful possibility of parole—he was sentenced to life with the possibility of parole after 10 years for second-degree murder. That sentence comports with the Eighth Amendment and the Supreme Court decisions interpreting it with respect to juvenile offenders. The sentence also is not the functional equivalent of a life-without-parole sentence that would implicate this court's decision in *State v. Boston,* 131 Nev., Adv. Op. 98, 363 P.3d 453 (2015).

implicates a suspect classification or a fundamental right, it is subject to strict scrutiny. *Id.* at 440. The classification at issue here is age, which the Supreme Court has held "is not a suspect classification under the Equal Protection Clause." *Gregory v. Ashcroft*, 501 U.S. 452, 470 (1991). And the right at issue, mandatory parole, is not a fundamental right for purposes of the Equal Protection Clause. *Michael v. Ghee*, 498 F.3d 372, 379 (6th Cir. 2007); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999); *see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Because neither a suspect classification nor a fundamental right is at issue, rational-basis review applies. *Cleburne*, 473 U.S. at 440. We cannot say that the Legislature lacked a rational basis for making parole mandatory for some youthful offenders serving a life sentence (those who were under the age of 16 years at the time of the offense and meet other conditions) but leaving parole discretionary for other groups of youthful offenders serving a life sentence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:     Hon. Jim C. Shirley, District Judge
        John L. Williams
        Attorney General/Carson City
        Pershing County Clerk